IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMIRO SAAVEDRA, | § § § | |
| Movant, | § § | |
| V. | § § | NO. 3:23-CV-817-E-BK |
| | § | (NO. 3:20-CR-004-E-13) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Ramiro Saavedra under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On January 8, 2020, Movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. § 846, and in count two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. CR ECF No.[1] 31. On February 14, 2022, Movant was named in a one-count superseding information

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-004-E.

charging him with conspiracy to possess with intent to distribute a mixture or substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 361. Movant and his counsel signed a waiver of indictment, CR ECF No. 362, a plea agreement, CR ECF No. 363, and a factual resume. CR ECF No. 365. The plea agreement set forth Movant's agreement to plead guilty to the offense charged by the superseding information and the government's agreement not to bring any additional charges against him based on the conduct underlying and related to the guilty plea. CR ECF No. 363. The plea agreement reflected that Movant understood that he faced a term of imprisonment not to exceed 20 years, that no one could predict the sentence that would be imposed, that the plea was freely and voluntarily made and was not the result of force or threats or promises, that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the representation he had received. *Id.* The factual resume set forth the elements of the offense charged by the superseding information and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 365.

On March 10, 2022, Movant appeared for arraignment on the superseding information and testified under oath that: he had discussed the guidelines with counsel but understood that he should not depend or rely on any statement or assurance by anyone as to what sentence he would receive; he had had a full opportunity to discuss his case and the proposed plea with his attorney and was fully satisfied with the representation and advice he had received; he understood the essential elements of the offense charged by the superseding information and admitted he had committed each of them; no one had tried in any way to make him plead guilty; he understood and

discussed the plea agreement with counsel before signing it; he understood that he was waiving his right to appeal or otherwise contest his conviction and sentence except in certain limited circumstances; he voluntarily and of his own free will signed the plea agreement; he understood he faced a term of imprisonment not to exceed 20 years; he discussed the factual resume with counsel before signing it and the facts set forth in it were true and correct. CR ECF No. 471.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 436, ¶ 39. He received two-level increases for possession of firearms, *id.* ¶ 40, importation, *id.* ¶ 41, and drug premises. *Id.* ¶ 42. He received a three-level increase for role in the offense. *Id.* ¶ 44. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 48, 49. Based on a total offense level of 43 (by operation of the guidelines since the offense level was 44) and criminal history category of I, his guideline imprisonment range was life. *Id.* ¶ 82. The statutorily-authorized maximum sentence was 20 years, so the guideline term became 240 months. *Id.* Movant filed an objection to the adjustment for his role in the offense, CR ECF No. 449, and the probation officer prepared an addendum supporting the PSR as written. CR ECF No. 451.

The Court sentenced Movant to a term of imprisonment of 240 months. CR ECF No. 462. He appealed, CR ECF No. 464, despite having waived the right to do so. CR ECF No. 363, ¶ 12. His attorney filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted, the United States Court of Appeals for the Fifth Circuit agreeing that the appeal presented no nonfrivolous issue. *United States v. Saavedra*, No. 22-11029, 2023 WL 2326425 (5th Cir. Mar. 2, 2023).

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, all alleging that he received ineffective assistance of counsel. ECF No.[2] 1. As best the Court can tell, in his first ground Movant urges that counsel should have challenged the weapons enhancement. *Id.* at 4.[3] In his second ground, Movant urges that counsel should have challenged the drug quantity attributable to him. *Id.* at 5. And, in his third ground, Movant appears to urge that counsel did not understand law or strategy, again apparently as relates to the drug calculation. *Id.* at 7.

## III. APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 14" found at the top right portion of the document on the Court's electronic filing system and are used because the typewritten page numbers on the form motion are not the actual page numbers of the document as filed.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.     ANALYSIS

In support of his first and second grounds, Movant alleges that counsel rendered ineffective assistance because counsel "DID NOT SUPPRESSION HEARING." ECF No. 1 at 4, 5. The first ground refers to the weapons enhancement and the second refers to the drugs. *Id.* To the extent that Movant is complaining of a failure to file motions to suppress, such motions would necessarily have been filed before he entered his plea of guilty. A guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not contend that his plea was not knowing or voluntary. Nor could he. The record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

To prevail on these claims, Movant has the burden to show that a suppression motion would have been meritorious, that counsel's failure to pursue one was objectively unreasonable, and that, but for counsel's failure, he would not have pleaded guilty. *United States v. Ratliff*, 719 F.3d 422,

423 (5th Cir. 2013). Actual prejudice in the context of an unfiled suppression motion requires a meritorious Fourth Amendment violation and a reasonable probability that the outcome would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Here, Movant has not shown that any evidence was excludable. And, as the government notes, even had a suppression motion been successful, the evidence could still be considered for sentencing purposes. ECF No. 12 at 6–7 (citing *United States v. Butler*, 680 F.2d 1055, 1056 (5th Cir. 1982); *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 (5th Cir. 1993)).

To the extent Movant intended to assert that counsel was ineffective in failing to challenge the enhancement for possession of the weapons, he has not shown that the enhancement was not proper. As reflected in the PSR, agents learned through an intercepted call in which Movant participated that he and others were advised to pack up a stash house and flee the area. Agents established physical surveillance at the house and watched Movant and others pack their vehicles and depart. The vehicles travelled together and were later stopped by authorities, who recovered five assault rifles along with a large quantity of drugs. CR ECF No. 436, ¶¶ 27–29. In his factual resume, Movant stipulated that he had knowledge of the narcotic stash house and that the firearms were possessed in furtherance of the drug trafficking conspiracy. *Id.* ¶ 30; CR ECF No. 365. Even without Movant's stipulation, there was ample evidence to apply the firearms enhancement. *See, e.g.*, *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010) (conspirator is responsible for all reasonably foreseeable acts of the conspiracy; sentencing court may infer foreseeability); *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001) (finding drugs and guns together is sufficient to support connection). *See also United States v. Dixon*, 132 F.3d 192, 202 (5th Cir.

1997) (firearms are tools of the trade in drug conspiracies and use by coconspirator is ordinarily foreseeable).

In his second and third grounds Movant contends that he received ineffective assistance because his attorney did not challenge the drug quantity attributable to him. ECF No. 1 at 5, 7. He alleges that his base offense level should have been 34 instead of 38, but he does not explain why this is so, much less submit any evidence to support this contention. His conclusory allegations are insufficient to support relief. *Miller*, 200 F.3d at 282. For the reasons discussed by the government, ECF No. 12 at 9–11, the PSR properly calculated the drug quantity attributable to Movant. To the extent Movant refers to a variance based on treatment of methamphetamine purity levels, he has not shown that Fifth Circuit precedent would have entitled him to relief at the time of sentencing. *See United States v. Young*, 533 F. App'x 472, 474–75 (5th Cir. 2013) (no deficient performance where precedent did not compel the merit of objection); *United States v. Moody*, No. 1:20-CV-222-LG, 2020 WL 5949625, at *2 (S.D. Miss. Oct. 7, 2020) (no precedent for granting variance based on disagreement with guideline recommendation for treatment of methamphetamine purity levels; therefore, no ineffective assistance in failing to request variance). Counsel did not render ineffective assistance in failing to make a frivolous argument. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Finally, the Court notes that it has taken into account a purported supplement to the motion filed long after the pleadings had been filed. ECF No. 15. That document does not provide any more clarity than Movant's other filings as to why he would have been entitled to a lower base offense level. He has not shown, and cannot show, that the Court would have imposed any other sentence in his case. *See* CR ECF No. 473 at 17–19, 22 (explaining the reasons for the sentence).

As noted in *Moody*, a drug purity disparity would have more relevance where the defendant was merely a courier or mule. 2020 WL 5949625, at *2. That is not the case here.

V.  **CONCLUSION**

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED on this 26th day of July, 2024**.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE